# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-525


**SENTURY BUILDING COMPONENTS**

**VERSUS**

**CLIFTON DESHAZO**


**********

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION - # 4
PARISH OF LAFAYETTE, NO. 04-04627
SHARON MORROW, WORKERS' COMPENSATION JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Jimmie C. Peters, Marc T. Amy, and Elizabeth A. Pickett, Judges.

**REMANDED WITH INSTRUCTIONS.**

Michael Benny Miller
Miller & Miller
P. O. Box 1630
Crowley, LA 70527-1630
(337) 785-9500
Counsel for Defendant-Appellant:
  Clifton Deshazo

Leslie E. Hodge
Rabalais, Unland & Lorio
5100 Village Walk, #300
Covington, LA 70433
(985) 893-9900
Counsel for Plaintiff-Appellee:
  Sentury Building Components

**PICKETT, Judge.**

In this workers' compensation case, the employee, Clifton Deshazo, appeals a judgment of the WCJ denying a request for treatment by an orthopedic surgeon of his choice.

## DISCUSSION

Clifton Deshazo is an employee of Sentury Building Components. He injured his knee in the course and scope of his employment on November 1, 2003. His employer sent him to Dr. Richard McGregor, a general practitioner, for treatment on November 3, 2003. Dr. McGregor referred Deshazo to Dr. Michael Holland, an orthopedic surgeon. On November 6, 2003, Deshazo saw Dr. Holland for the first time. On November 12, he executed a Choice of Physician Form, selecting Dr. Holland as his orthopedist. He continued to see Dr. Holland through March 22, 2004.

In May 2004, Sentury scheduled an appointment with Dr. Stanley Foster, an orthopedic surgeon. Deshazo refused to attend the appointment with Dr. Foster, claiming that Dr. Holland was the employer's choice of physician and that it was not entitled to choose another physician. Sentury filed a Motion to Suspend Benefits on July 7, 2004. Following a hearing on August 12, 2004, the WCJ denied the motion. In an order dated August 18, 2004, the WCJ ordered Deshazo to attend an independent medical examination with Dr. Angela Mayeaux on November 3, 2004.

Deshazo filed a Motion to Compel Medical Treatment, arguing that he was entitled to choose his own orthopedic surgeon to examine him. The hearing on the motion was delayed until the WCJ received the report from Dr. Mayeaux. Following a hearing on January 7, 2005, the WCJ ruled that there was no medical reason, based on Dr. Mayeaux's findings, for Deshazo to see another orthopedic surgeon, whether

1

chosen by him or by the employer. The ruling was memorialized in a judgment dated February 25, 2005. Deshazo now appeals.

## ASSIGNMENT OF ERROR

The appellant, Clifton Deshazo, asserts one assignment of error:

The trial court erred in failing to order Sentury to pay for medical treatment by a physician of Clifton Deshazo's choice.

## DISCUSSION

Reading the transcript of the hearing, the WCJ determined that both Dr. Holland and Dr. Mayeaux agreed that there was no further treatment necessary in this case, so a third medical opinion was unnecessary. While that may be the case, Deshazo is clearly entitled to his choice of physician in any specialty. La.R.S. 23:1121. If the WCJ determined that the Choice of Physician Form was not properly executed, then Deshazo has yet to be seen by an orthopedic surgeon of his own choice, and this appeal has merit.

According to the transcript, though, the WCJ did not rule on this issue. There was some discussion of the statute, though counsel for both parties and the WCJ seemed to agree that the amendments to La.R.S. 23:1121 do not apply in this case. In fact, the statute was amended in 2003, and the amendments became effective August 15, 2003. Thus, at the time of the injury on November 1, 2003, the amended statute was in effect.

Louisiana Revised Statutes 23:1121 states, in pertinent part:

> A. An injured employee shall submit himself to an examination by a duly qualified medical practitioner provided and paid for by the employer, as soon after the accident as demanded, and from time to time thereafter as often as may be reasonably necessary and at reasonable hours and places, during the pendency of his claim for compensation or during the receipt by him of payments under this Chapter. The employer

2

or his workers' compensation carrier shall not require the employee to be examined by more than one duly qualified medical practitioner in any one field or specialty unless prior consent has been obtained from the employee.

B. (1) The employee shall have the right to select one treating physician in any field or specialty. The employee shall have a right to the type of summary proceeding provided for in R.S. 23:1124(B), when denied his right to an initial physician of choice. After his initial choice the employee shall obtain prior consent from the employer or his workers' compensation carrier for a change of treating physician within that same field or specialty. The employee, however, is not required to obtain approval for change to a treating physician in another field or specialty.

(2)(a) If the employee is treated by any physician to whom he is not specifically directed by the employer or insurer, that physician shall be regarded as his choice of treating physician.

(b) When the employee is specifically directed to a physician by the employer or insurer, that physician may also be deemed as the employee's choice of physician, if the employee has received written notice of his right to select one treating physician in any field or specialty, and then chooses to select the employer's referral as his treating specialist after the initial medical examination as signified by his signature on a choice of physician form. The notice required by this Subparagraph shall be on a choice of physician form promulgated by the director of the office of workers' compensation and shall contain the notice of the employee's rights provided under R.S. 23:1121(B)(1). Such form shall be provided to the employee either in person or by certified mail.

(3) Paragraph (2) of this Subsection shall not apply to other physicians to whom the employee is referred by the physician selected by the employer unless the employer or insurer has obtained the choice of physician form provided for under Subparagraph (2)(b) separately for any such physician after the initial medical examination with that physician.

(4) In instances where the employee is illiterate or has a language barrier, an authorized representative of the employer or insurer shall attest by his signature on the form that he has reasonably read and explained the form to such employee prior to their signatures.

(5) If the employee fails or refuses to sign the form as provided in Subparagraph (2)(b) and Paragraph (3) of this Subsection, the employer or his insurer shall be entitled to seek an expedited hearing to be held within ten days, and upon order of the court, may suspend medical

benefits until such time as the employee complies with Subparagraph (2)(b) and Paragraph (3) of this Subsection.

Sections B(2) through B(5) were added by the legislature in 2003, and became effective on August 15, 2003. *See* 2003 La. Acts No. 886, §1.

The WCJ failed to address whether the Choice of Physician Form is valid under the law as amended in 2003. It is necessary that a determination be made on this issue. We are remanding this matter to the Office of Workers' Compensation, and we instruct the WCJ to make a determination of whether the Choice of Physician Form was properly executed in accordance with the provisions of La.R.S. 23:1121 as amended in 2003.

**REMANDED WITH INSTRUCTIONS.**